■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JULIO MALLO, Appellant, v STEPHEN DALSHEIM, as Superintendent of Ossining Correctional Facility, Respondent.—In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Westchester County, entered October 31, 1977, which, after a hearing, dismissed the petition. Judgment reversed, on the law, without costs or disbursements, and the declaration of delinquency of July 7, 1976 is vacated. More than 13 months elapsed between petitioner's arrest for violation of parole and the commencement of the within habeas corpus proceeding and he had not been accorded a final parole revocation hearing. This constitutes an unreasonable delay and has resulted in a deprivation of his due process rights (see *Morrissey v Brewer,* 408 US 471; *People ex rel. Walsh v Vincent,* 40 NY2d 1049; *Matter of Beattie v New York State Bd. of Parole,* 39 NY2d 445). The petitioner has at all times asserted his rights and is not chargeable with the delay. His failure to allege prejudice is not relevant in light of the extraordinary length of the delay (see *People ex rel. Allen v Dalsheim,* 63 AD2d 973). Titone, J. P., Rabin, Gulotta and Cohalan, JJ., concur.

(January 19, 1979)

■ In the Matter of GERALD J. LAURENCE, an Attorney and Counselor at Law.—Pursuant to the rules of this court governing the conduct of attorneys (22 NYCRR 691.9) Gerald J. Laurence, an attorney and counselor at law, admitted to practice in this court on October 18, 1939 under the name Jacob L. Finkelstein, has submitted his resignation from the Bar of the State of New York, dated November 28, 1978, requesting that his resignation be

accepted and that his name be struck from the roll of attorneys and counselors at law. The movant has been charged with engaging in conduct prejudicial to the administration of justice in that he conspired to confer and did confer benefits upon public servants upon agreements or understandings that the public servants' actions, decisions or exercise of discretion would thereby be influenced (offering and giving bribes to public officials). The movant admits that he could not successfully defend himself on the merits against such charges. Resignation accepted; the clerk of this court is directed to strike the name of Gerald J. Laurence (Jacob L. Finkelstein) from the roll of attorneys and counselors at law, forthwith. Mollen, P. J., Hopkins, Damiani, Titone and Suozzi, JJ., concur.